EASTERN DIST.
*May*, 1836.

YARD & BLOIS'
SYNDICS
*vs*,
SRODES.

charter, and governed by the rate of interest fixed therein.

---

### YARD & BLOIS' SYNDICS *vs.* SRODES.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the defendant was indebted to a commercial house, and executed two notes which he delivered, not in full liquidation of his account, but to enable the house to raise money by negotiating them, and they were passed to his credit; but on being returned protested, he is charged with their amount and costs, they are not thereby novated, and may be transferred to a *bonâ fide* holder, as evidence of an existing debt.

This is an action by the holders of a promissory note, against the drawer, executed at Louisville, Kentucky, May 27, 1831, payable fifty days after date, to the order of John B. Guthrie, by whom it was endorsed in blank, for the sum of one thousand three hundred dollars. The plaintiffs allege the note was protested in Kentucky for non-payment, and transferred to them; that the defendant has an interest of one-fourth of the steamer Mediterranean, which they pray may be attached, and that they have judgment for the amount of the note sued on.

The defendant by his attorney, pleaded a general denial to the allegations in the petition; admitted the execution of the note, but averred that it was drawn by him solely for the

EASTERN DIST.
May, 1836.

YARD & ꞵLOIS'
SYNDICS
vs.
SRODES.

accommodation of Shall, Cantrel & Co., whose names are endorsed on it; that no consideration whatever was received by him; that on the contrary, said firm were at the time, and still are indebted to him. That said note was taken up and paid at maturity by Shall, Cantrel & Co., and transferred after it became due, which entitled the maker to all the defences and equities that he would have, if it were in the hands of the original payee. He prays judgment in his favor, and costs.

M'Kee, Clark & Co., of Pittsburg, intervened as owners of three-fourths of the steamer Mediterranean, which was attached, alleging that the defendant, Srodes, had a legal title only to the other fourth, but that his interest was incumbered with liens, privileges, &c., and prayed to have the boat released.

The petition of intervention was excepted to, and oyer craved of the titles of the intervenors, and the documents showing the liens and claims on the defendant's interest in said steam-boat.

A witness for the plaintiffs states, that at the time the note sued on bears date, the account current of Srodes, with Shall, Cantrel & Co., was made out, and Mr. Shall went from Nashville to Louisville to settle. That said account was nearly closed by two notes of one thousand three hundred dollars each, one of which is now sued on. The balance was to have been paid in cash, but it was not done. That said Srodes was indebted to Shall, Cantrell & Co., when the notes in question were given, and when they became due. Witness was book-keeper to Shall, Cantrel & Co., at the time of the transaction. The notes were negotiated by Shall, Cantrel & Co., with Forsythe & Co., of Louisville, and when they became due, were protested for non-payment, and taken up by the former firm. The one in suit was afterwards transferred to the plaintiffs.

A witness for the defendant says, that being in the employment of the latter, he called on Shall, Cantrel & Co. to make a settlement between captain Srodes and them. This was in the year 1833, and that they furnished him with the

following accounts, marked A and B. Deponent objected
to the accounts, as not allowing sufficient credits to the
defendant.

## A

" Messrs. Srodes & Guthrie, say Mr. Wm. Srodes,

1831,  In account with Shall, Cantrel & Co.

July 2,  To balance per account rendered,.........$436 81

1831,  CR.

July 12,  By sundry credits, amounting in all, to...$1,376 01

By balance,.....................................$939 20

## B

Messrs. Srodes & Guthrie,

1831,  In account with Shall, Cantrel & Co.

July 2,  To balance per account rendered,........$271 72

"  4,  " sundries, (specified)....................... 144 31

"  25,  " Our acceptance of Forsythe &
Co's. draft, to take up your note  1,329 24
of $1300, which was protested,

Sept. 3,  " Our acceptance of Forsythe &
Co's. draft, to take up your note  1,328 23
of $1300, which was protested,

$3,073 50

### CR.

By balance due W. Srodes,..........$939 20

" your two notes,......................2,600 00

———— $3,539 20

You are entitled to a credit of four hundred and sixty-five
dollars and seventy cents, on note of one thousand three
hundred dollars, which is passed to Cantrel & Allen."

The district judge, before whom the cause was tried, on
the evidence adduced by the parties, was of opinion the
plaintiffs could not recover. Judgment of non-suit was
rendered, from which the plaintiffs appealed.

EASTERN DIST.
*May*, 1836.

YARD & BLOIS'
SYNDICS
*vs.*
SRODES.

*Carleton* and *Lockett,* for the plaintiffs.

1. The district judge erred in considering this note as belonging to an account between Srodes, and Shall, Cantrel & Co., which must be settled by a suit between the parties. There is no evidence to this effect.

2. This suit is instituted on the note itself, independent of any account. It is between different parties, and the plaintiffs have nothing to do with accounts and transactions between Srodes and Shall, Cantrel & Co.

3. The judgment should be reversed, and the cause remanded for further proceedings and final judgment.

*J. Slidell,* for the defendant.

1. The accounts of Shall, Cantrel & Co., marked A and B, show that defendant was debited by them in account for the acceptance of Forsythe & Co's drafts, drawn to provide for this note, and another of the same sum. If he were now made liable for it, he would be made to pay the same debt twice.

2. The note having after maturity come into the possession of the payees, Shall, Cantrel & Co., and having by them been charged in their accounts, which appear to have been long and complicated; they could not have sued on it as an isolated transaction, it having been merged in the general account. They could not by a subsequent transfer to plaintiffs give them a greater right, than they themselves possessed.

3. The evidence of Spear, one of the witnesses shows payment of the balance due Shall, Cantrel & Co., including the two notes of one thousand three hundred dollars each.

*Bullard J.,* delivered the opinion of the court.

The plaintiffs sue as holders of a promissory note, subscribed by the defendant, and payable to the order of one Guthrie, and endorsed by him. The defendant admits the execution of the note, but avers that it was drawn solely for the accommodation of Shall, Cantrel & Co., whose names are upon it; that no consideration was received for the same, but that on

EASTERN DIST.
May, 1836.

YARD & BLOIS'
SYNDICS
vs.
SRODES.

the contrary, that house was, at the time the note was given, and yet is indebted to the respondent, in a large amount; that Shall, Cantrel & Co. took up the note at its maturity, and that it was not transferred to the plaintiffs, until long after it was due, and is in the hands of the plaintiffs subject to the same defences, which could be made against Shall, Cantrel & Co.

The plaintiffs have appealed from a judgment, dismissing their petition, with costs.

The evidence shows, that the note was transferred long after it was due, and consequently, any equitable or legal defence, of which the defendant might avail himself as against Shall, Cantrel & Co., may be inquired into in the present suit.

It appears that the defendant, being indebted to Shall, Cantrel & Co. in account current, gave the note in question, together with another of the same amount, endorsed by Guthrie, not in full liquidation of the account, but to enable them to raise money by negotiating them, and that they were negotiated through the house of Forsythe & Co., at Louisville, who also endorsed them. Not being paid at maturity, they were protested and taken up by Forsythe & Co., who returned the notes to Shall, Cantrel & Co., who reimbursed to the former, the amount, together with costs of protest and damages. Shall, Cantrel & Co. then charged the present defendant in their account, with the amount paid to Forsythe & Co., and credited him at the same time with the original amount of the two notes. The note in contest in this suit, was afterwards transferred to the present plaintiffs.

This statement of facts shows, that the former part of the defence, to wit: that the note was given without consideration, and merely for the accommodation of Shall, Cantrel & Co., is not sustained by the evidence. The defendant was really indebted to that house at the time, in perhaps a larger sum, and if he had paid the note, he would have been entitled to a credit for that amount on his account. The

EASTERN DIST. *May*, 1836.

YARD & BLOIS' SYNDICS *vs.* SRODES.

Where the defendant was indebted to a commercial house, and executed two notes which he delivered, not in full liquidation of his account, but to enable the house to raise money by negociating them, and they were passed to his credit, but on being returned protested, he is charged with their amount and costs, they are not thereby novated, and may be transfered to a *bonâ fide* holder, as evidence of an existing debt.

only question, therefore, is, whether when the note was taken up by Forsythe & Co., and remitted to that house, it lost its character as evidence of an existing debt, and merged in the account current, so that Shall, Cantrel and Co. could not have maintained an action on it, independently of the general account to be settled between them and the defendant.

It is said that as soon as the note was returned, it formed nothing more than an item in the account, and that Shall, Cantrel & Co. could not transfer a part of that account, so as to divide their action against the defendant; but it is obvious, that at least the note itself formed the best, and perhaps exclusive evidence in support of that item, and for that purpose at least, it was still evidence of an existing debt. Such an entry did not amount *per se* to a novation; but in point of fact, the notes, together with the charges of protest, formed the item on the debit side of the account, while at the same time Srodes is credited with the two notes on the other side; so that in effect he is charged with nothing more than the charges of protest and damages, to wit: twenty-nine dollars and twenty-four cents on one note, and twenty-eight dollars and twenty-three cents on the other; and if that account, as stated, had been finally closed and receipted, it would show the two notes still outstanding, and a judgment for the balance of that account would not bar an action on the two notes.

We are, therefore, of opinion, that the note sued on, is by itself evidence of a debt due, and was still susceptible of being transferred, subject to any offsets to which it would be entitled in the hands of the transferors. The right of the plaintiffs to recover, does not depend upon the will of the transferors, but in our opinion, they ought to recover the amount, except so far as the defendant may prove it has already been extinguished by payments, compensation, or any just credits. But the evidence does not enable us to say how much is really due upon the note, and the case must be remanded.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, that the case be reinstated, and remanded for a new trial; and that the defendant and appellee pay the costs of the appeal.